IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER PIECH, on behalf of himself, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>TEETIME DELIVERY, INC. AND JASON TINMAN, INDIVIDUALLY<br><br>Defendants. | No. 22-cv-<br><br>**Hon. Judge**<br>**U.S. District Court Judge, Presiding**<br><br>Hon. Judge<br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **WALTER PIECH,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **TEETIME DELIVERY, INC. AND JASON TINMAN** (the "Defendants"), states as follows:

**I.    NATURE OF ACTION**

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago.

**II.    JURISDICTION AND VENUE**

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the

employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **TEETIME, INC.** (hereinafter referred to individually as ("TTI") is an Illinois corporation that owns and operates a package delivery business. TTI is a subcontractor of FedEx.

4. TTI is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

5. During all relevant times, TTI was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6. Defendant **JASON TINMAN** (hereinafter referred to individually as "Tinman", and any reference to Defendant TTI shall likewise include and refer to Tinman) is the President and owner of TTI and the primary manager of TTI.

7. In his capacity as President, owner and manager, Tinman was vested with the authority to implement and carry out the wage and hour practices of TTI.

8. Tinman acted as the manager of TTI and was responsible for assigning tasks, creating and distributing schedules, operations supervision, payment of wages and otherwise oversaw all aspects of TTI's business operations and client interactions.

9. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Tinman and Tinman in turn responded to those communications with the authority described herein.

10. Thus, at all times relevant hereto Tinman was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

11. Plaintiff, **WALTER PIECH,** is a former delivery driver employee of Defendants who performed all manual labor aspects of driving and package delivery, including driving a van, loading/unloading packages, engaging with customers at delivery locations, etc.

12. Plaintiff was consistently required to work more than 40 hours each week and did not receive the proper overtime rate of say. TTI failed to include "per-stop" bonuses in the calculation of Plaintiff's regular rate and corresponding overtime rate, resulting in non-payment of overtime wages.

13. Plaintiff worked over 40 hours most, if not all work weeks he worked for Defendants and was not paid his proper overtime rate of pay of one and one-half his regular rate.

14. TTI should have included non-discretionary, per-stop bonuses in the calculation of Plaintiff's regular rate and corresponding overtime for all hours worked over 40 in individual work weeks.

15. Defendants compensated Plaintiff, and members of the Plaintiff Class, on an hourly basis but failed to include "per-stop" bonuses in the calculation of their regular rate and corresponding overtime rate pay, such that Plaintiff and Plaintiff Class members were denied overtime wages.

16. Defendants' violations as alleged herein were in violation of the federal, state and municipal laws relied upon herein.

17. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who also did not receive their proper overtime rate of pay for overtime-eligible hours worked in excess of 40 in individual work weeks as a result of Defendants' failure to include non-discretionary, per-stop bonuses in the calculation of the regular rate.

18. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

19. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

20. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this

case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

21. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiffs to recover unpaid overtime and minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

V.      **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

22. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants as a package delivery driver. Plaintiff's employment as a package delivery driver was integral and indispensable to Defendants' package delivery business.

23. Defendants were subcontractors of FedEx. Defendants were parties to a contract with FedEx that , in part, obligated Defendants to deliver FedEx packages to FedEx customers. Defendants received money and other proceeds and benefits from FedEx as a result of their business contact with FedEx.

24. Plaintiff began working for Defendants as a delivery driver in approximately November 2018. Plaintiff separated from Defendants in approximately March 2022

25. Throughout the duration of Plaintiff's employment, he worked at least two hours while physically present in the City of Chicago during individual two-week periods and was at all times "Covered Employee" as defined by the CMWO.

5

26. TTI and Tinman employed and employ "Covered Employees", including Plaintiff, and as such were and are "Employers" as defined by the CMWO.

27. Additionally, because Defendants were operating and engaging in business, including delivery services, within the City of Chicago, Defendants were and are subject to license requirements set forth by the Municipal Code of Chicago.

28. Upon information and belief, TTI possessed proper license(s), insurance and permit requirements to engage in delivery services and otherwise conduct business within the City of Chicago.

29. Upon information and belief, TTI was subject to City of Chicago licensing, permit and insurance requirements and thus possessed the required and proper license(s) to provide moving services otherwise conduct business within the City of Chicago.

30. As such, Plaintiff, who worked in the City of Chicago, was a Covered Employee working for Covered Employers as defined by the CMWO and is entitled to the CMWO's protections.

31. Plaintiff performed a variety of manual labor duties related to delivery driving including loading packaged, driving delivery routes as assigned, delivering packages to their intended destinations, interacting with customers at delivery sites, unloading packages, etc. Plaintiff performed exclusively manual labor and driving duties for Defendants.

32. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Tinman. Tinman managed day-to-day activities for Plaintiff and all other hourly workers.

33. Tinman was directly involved in all of Defendants' business operations, including the minute details of the specific duties being performed by Plaintiff and other

hourly employees of Defendants' delivery business. Tinman directly supervised and managed Plaintiff and putative class members on a daily basis.

34. During the course of his employment, Plaintiff recorded his work hours in compliance with Defendants' timekeeping policies. Tinman, through his management employees, managed Defendants' payroll and completed all wage calculations.

35. Plaintiff almost always worked in excess of 40 hours in a week.

36. The start and end times of Plaintiff's shifts each day varied because he did not always drive the same delivery route each day. Plaintiff did not always work the same precise days or number of days per week each week.

37. Plaintiff was paid approximately in the following manner: Plaintiff was paid at a rate of $17.50 per hour and was guaranteed at least $1,100 for every five (5) days worked.

38. If Plaintiff worked fewer than 40 hours in a week, he would receive an additional amount designated as a "bonus" to bring Plaintiff up to the guaranteed weekly pay.

39. If Plaintiff worked more than 40 hours in a week, his hourly rate would be adjusted as necessary to equal the guaranteed wage of $1,100. TTI would then pay overtime of one and one-half the "adjusted" hourly rate.

40. Plaintiff also received a per-stop bonus equal to $1 per delivery stop. Plaintiff would routinely make 100+ stops per day. At times, Plaintiff made as many as 250 stops in a day.

41. Per the compensation plan implemented by TTI, the per-stop bonus earned by Plaintiff and Plaintiff Class members were non-discretionary.

42. Plaintiff was paid every two weeks over the course of his employment with Defendants.

43. TTI failed to include non-discretionary per-stop bonuses earned by Plaintiff and Plaintiff Class members in the calculation of their regular rates and the corresponding overtime rate as required by C.F.R. §778.117, 208.

44. Plaintiff inquired with Tinman and Defendants regarding their failure to pay proper overtime wages on during his employment. However, Tinman never provided Plaintiff with a reason as to why the bonuses were not included in the calculation of overtime. Defendants never remedied the violations alleged herein despite complaints by Plaintiff.

45. Plaintiff was not exempt from the overtime provisions of the FLSA and IMWL.

46. Upon information and belief, Plaintiff understood that all hourly employees were paid in the same or similar fashion as described above and were also denied all earned overtime premiums for hours worked in excess of 40 in individual work weeks.

47. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at the proper overtime rate of pay for such hours pursuant to the requirements of the federal, state and local law.

48. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

49. The claims brought herein by Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and

practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-49.   Paragraphs 1 through 49 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 49 of this Count I.

50.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

51.   Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)   back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)   prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)   Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)   such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-51. Paragraphs 1 through 51 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 51 of Count II.

52. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

53. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

54. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

  (c)  Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

  (d)  such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

  1-54. Paragraphs 1 through 54 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 54 of Count III.

  55. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

  56. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

  57. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

  WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

  (a)  liquidated damages equal to the amount of all unpaid compensation;

  (b)  Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

  (c)  such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-57. Paragraphs 1 through 57 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 57 of this Count IV.

58. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

59. The Illinois Minimum Wage Law provides that an employer who fails to pay the required wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 19, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-59. Paragraphs 1 through 59 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 59 of this Count V.

60. Plaintiff was an "employee" under the CMWO§ § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO.

61. Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

62. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

63. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 6-105-010.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/31/2022*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiff, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

14