### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WALTER PIECH, on behalf of himself and all other plaintiffs similarly situated, known and unknown ) ) ) ) | |
| Plaintiff, ) | Case No. 1:22-cv-02859 |
| ) v. ) ) | |
| TEETIME DELIVERY, INC., and JASON TINMAN, individually. ) ) ) | |
| Defendants. ) | |

### JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF COMPLAINT

Defendants TeeTime Delivery, Inc. ("TeeTime") and Jason Tinman ("Tinman") (collectively, "Defendants") and Plaintiff Walter Piech ("Plaintiff") (with Defendants, the "Parties"), by and through their respective attorneys, jointly move the Court to approve the settlement entered into by the Parties. In support of this Motion, the Parties state as follows:

1. Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Chicago Minimum Wage Ordinance ("CMWO") arising out of Plaintiff's employment with TeeTime. Specifically, Plaintiff alleges that he worked more than 40 hours each week and did not receive the correct overtime pay because TeeTime did not include Plaintiff's bonuses in the calculation of Plaintiff's regular rate and overtime rate. (Dkt. No. 1.)

2. Defendants' counsel and Plaintiff's counsel have engaged in settlement discussions, which has resulted in the Parties reaching agreement on the terms of a settlement as reflected in the Settlement Agreement and General Release ("Agreement"), which is attached

hereto as <u>Exhibit 1</u>.

3. When an employee asserts a claim against his employer or former employer for wages under the FLSA or the IMWL, any settlement of that claim requires a court to review the settlement for fairness. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (FLSA); *Lynn's Food Stores, Inc. v. U.S.*, 679 1350, 1352 (11th Cir. 1982) (FLSA); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (FLSA); *Lewis v. Gioardano's Enterprises, Inc.*, 921 N.E.2d 740, 751 (1st Dist. 2009) (IMWL).

4. The settlement reached by the Parties is fair to the Plaintiff. Plaintiff alleges that he was not paid the correct overtime rate during his employment because Defendants did not include his "per stop" bonus in his overtime rate. However, Defendants contend that Plaintiff was not entitled to overtime pay, as he operated a qualifying motor carrier and crossed state lines as part of his daily job duties. Thus, despite the fact that the Parties disagreed as to whether Plaintiff qualified for overtime pay during his employment, Defendants have agreed to pay Plaintiff the amount stated in the Agreement in exchange for releasing all of his claims against Defendants. Accordingly, the Parties have reached a fair compromise of Plaintiff's claims.

5. Accordingly, the Parties submit that the payment Plaintiff will be receiving pursuant to the Agreement fairly and reasonably compensates him for relinquishing any claims that he may have against Defendants.

6. The Parties submit that the Agreement was reached through arms' length negotiations between the Parties, who were all represented by counsel with significant experience with the FLSA, the IMWL, and the CMWO.

7. Lastly, Plaintiff's attorney's fees and costs are reasonable because of the issues presented in this case, and the amount of resources dedicated to analysis and prosecution of

Case: 1:22-cv-02859 Document #: 24 Filed: 12/01/22 Page 3 of 4 PageID #:63

Plaintiff's claims.

8. Accordingly, the Parties request the Court approve the Agreement as a fair and reasonable resolution of bona fide disputes over wages under the FLSA, the IMWL, and CMWO.

9. Upon approval of the Agreement, the Parties further request the dismissal of the suit, initially without prejudice and converting to one with prejudice within thirty (30) days, with each party to bear its or his own costs and attorneys' fees except as provided for in the Agreement.

WHEREFORE, for the foregoing reasons, Plaintiff and Defendants respectfully request that this Court enter an Order: (i) approving the Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA, the IMWL, and CMWO, and (ii) dismissing this suit as set forth above and with each party to bear its or his own costs and attorneys' fees except as provided for in the Agreement.

| | |
|---|---|
| Dated: December 1, 2022 | Respectfully submitted, |
| WALTER PIECH | TEETIME DELIVERY, INC. and JASON TINMAN |
| By: */s/ John Billhorn*<br>John William Billhorn<br>Billhorn Law Firm<br>53 West Jackson Blvd, Ste 1137<br>Chicago, IL 60604<br>(312) 853-1450<br>jbillhorn@billhornlaw.com | By: */s/ Jeffrey L. Rudd*<br>Alison B. Crane<br>Jeffrey L. Rudd<br>Audrey O. Gardner<br>Jackson Lewis P.C.<br>150 N. Michigan Ave., Ste. 2500<br>Chicago, IL 60601<br>(312) 787-4949<br>alison.crane@jacksonlewis.com<br>jeffrey.rudd@jacksonlewis.com<br>audrey.gardner@jacksonlewis.com |

## **CERTIFICATE OF SERVICE**

I, Jeffrey L. Rudd, an attorney, certify that on December 1, 2022, a true and correct copy of the foregoing ***Joint Motion for Court Approval of Settlement and Dismissal of Complaint*** to be filed with the Court by electronic filing protocols, and that the same will therefore be electronically served upon Plaintiff's Counsel who is registered with the Court's ECF/CM system.

/s/ *Jeffrey L. Rudd*